IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| JEREMY D. HARRISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. |
| ) | |
| CITY OF MONTGOMERY, ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |

# COMPLAINT

## INTRODUCTION

1. This is an action for legal and equitable relief to redress unlawful race discrimination against the Plaintiff, Jeremy D. Harrison (hereinafter "Plaintiff"), a current employee of the City of Montgomery, Alabama. This suit is brought to secure the protection of and to redress the deprivation of rights secured by the Title VII of the Civil Rights Act of 1964, asamended. Plaintiff requests a trial by jury of all triable issues.

## JURISDICTION AND VENUE

2. Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended.

3. Subject matter jurisdiction of this Court is invoked pursuant to 28

U.S.C. §§ 1331, 1343(a)(4) and 1343(a)(3), 42 U.S.C. § 1981, 42 U.S.C. § 1983 and 42 U.S.C. § 2000e, *et. seq*.

4. This action is brought within the State where the unlawful employment practices were committed, making venue proper under 42 U.S.C. 2000e-5(f)(3).

5. Plaintiff's claims are authorized by 28 U.S.C. § § 2201 and 2202 (declaratory judgments), and Fed. R. Civ. P. Rule 57.

6. Plaintiff has satisfied all administrative prerequisites to bringing this claim.

7. Venue is proper in this Honorable Court.

## PARTIES

8. Plaintiff Jeremy D. Harrison ("Plaintiff") is a 31-year-old African American male citizen of the United States and of the State of Alabama. He is a resident of this Judicial District and Division.

9. Defendant City of Montgomery ("Defendant" or "City") is a local agency of the State of Alabama. At all times relevant hereto, the Defendant has engaged in business in Montgomery, Alabama and has been an employer within the meaning of 42 U.S.C. § 2000e(a), Title VII of the 1964 Civil Rights Act and the 1991 amendments thereto. At all times relevant to this action, the Defendant has maintained and operated a business in Alabama and has fifteen (15) or more employees and is considered an employer for Title VII purposes and the 1991

amendments thereto.

## ADMINISTRATIVE PROCEDURES

10. Plaintiff brings this action for the unlawful employment practices and acts of intentional discrimination that occurred at the City of Montgomery.

11. This action seeks to redress unlawful employment practices resulting from the acts of Defendant, its agents, servants, and employees committed with respect to Plaintiff's employment.

12. Plaintiff timely filed his Charge of Discrimination (420-2021-03111) against Defendant with the Equal Employment Opportunity Commission (EEOC) on May 27, 2021 which was filed within 180 days of the commission of the unlawful employment practices alleged herein.

13. On September 27, 2022 the U.S. Department of Justice, Civil Rights Division mailed to Plaintiff a Notice of Right to Sue regarding his EEOC Charges.

14. Plaintiff filed suit within ninety (90) days of receipt (September 30, 2022) of his Notice of Right to Sue.

15. All administrative prerequisites for filing suit have been satisfied, and Plaintiff is entitled to bring this action.

## STATEMENT OF FACTS

16. Plaintiff, Jeremy D. Harrison, is a 31-year-old African American male.

17. Plaintiff began employment with the Defendant, City of Montgomery, on or around January 6, 2012 as a police officer. Plaintiff was qualified for his position as police officer and continued to work in this position throughout the events described herein.

18. Plaintiff has been discriminated against because of his race in violation of Title VII of the Civil Rights Act.

19. On September 25, 2020, Plaintiff was notified by Chief Deputy Reaves, a Caucasian female, that Plaintiff was the subject of an investigation regarding off-duty employment. Plaintiff was ordered to sign a form advising him that he was suspended from working all off-duty jobs and placed under investigation without any explanation. During that time, Plaintiff was prohibited from contacting his off-duty employer, Jennifer McDonald. Between the 25th of September and the 14th of December 2020, Plaintiff was not notified of violating any policies nor was Plaintiff ever interviewed or questioned by Internal Affairs.

20. Plaintiff later ascertained that all of the other officers under the above-referenced investigation were African American and that the investigation was possibly in reference to being courtesy officer at an apartment complex.

21. Plaintiff worked as a courtesy officer (off site) for the Estates at Northampton Apartments since 2014 under the direction of Jennifer McDonald (property manager). At the start of this off duty job, Plaintiff was the rank of Police

Officer and Lieutenant T. Armstead (African American female) was the Off Duty Coordinator for the Montgomery Police Department that approved the job. Plaintiff obtained all required documentation for the off-duty job, including supplemental insurances, approvals, and proper notification of the jobsite. There are numerous emails confirming Plaintiff's position as a courtesy officer (off site) for the Estates at Northampton between 2014 and 2020.

22. On December 14, 2020, Plaintiff was called into Chief Deputy J. Reaves' (white female) office and advised that Plaintiff had violated numerous departmental violations and that Plaintiff would be suspended for twenty (20) days, demoted, and unable to work any off-duty jobs for a year. Plaintiff was given no reasoning or justification for this determination. Major C. Coughlin (white male) was a witness to this meeting.

23. On December 22, 2020, Plaintiff scheduled a meeting to appeal the recommendations to the Chief of Police, Ernest Finley. During that meeting, it was clear that Chief Finley had his mind made up to uphold the Reaves recommendations prior to the meeting. Despite producing numerous documents to support Plaintiff's case that his off-duty job was approved, Chief Finley appeared uninterested and annoyed. Following Plaintiff's meeting with Chief Finley, Plaintiff was informed by Captain K. Bowens that the discipline was affirmed by Finley and that Plaintiff had a right to appeal to the Mayor. An appeal request was submitted, and a hearing was

set for February 4, 2021. A request was also submitted to City Legal to obtain a written copy of the investigation.

24. On February 4, 2021, the hearing was held before Judge Charles Price. Most of the evidence was overlooked by Judge Price and he would ask the city attorney "do we have these documents," and then immediately move on to another subject without further review. Plaintiff was continually rushed during the hearing and not given an opportunity to fully present his case. The entire hearing process seemed to be a nuisance to the city and its personnel, and it was very apparent that the decision to move forward with the recommended punishment was a foregone conclusion.

25. On March 5, 2021, more than a month after the hearing with Judge Price, Plaintiff was notified by Major Hall (white male) that all of the recommendations had been upheld and would go into effect immediately. Plaintiff was suspended for twenty days (20), demoted, reassigned back to patrol, prohibited from working off-duty for a year. Plaintiff lost wages from promotional opportunities (upcoming Lieutenant's exam).

26. Chief Deputy Reaves (white female) initiated this investigation, conducted the investigation, and ultimately made the recommendations for discipline. Lieutenant R. Carson and Sergeant S. Hudson, both Caucasian, also participated in the investigation into Plaintiff.

27. Other similarly situated Caucasian employees of the police department who have committed similar rules violations have been treated more favorably than Plaintiff.

28. Corporal J.R. Henderson, a white male, violated the off-duty employment policy and was treated more favorably than Plaintiff. Corporal J.R. Henderson was not suspended, demoted, or restricted from working off-duty jobs.

29. Sergeant Capps and Sergeant Cochran, both white males, egregiously violated the off-duty employment policy but were also treated more favorably than Plaintiff.

30. Several other white officers assigned to the traffic division were reported for stealing time as they were logging overtime hours that they were not working. These officers are Officer T. Bradley, Officer Q. Commander, Officer T. Jones, and Officer R. Mundy. The information regarding these officers was initially given to Deputy Chief Reaves, but she declined to investigate them. It was only after Deputy Chief Reaves was removed from her position that these allegations were investigated by the City of Montgomery. The City Investigations department interviewed these officers thereby violating the City of Montgomery's own policy regarding potential criminal investigations.

31. Further, Defendant has a pattern and practice of treating Caucasian officers, who have engaged in worse conduct then the Plaintiff and/or violated

policies wherein the punishment is a demotion and suspension, more favorably. In many instances regarding whites, neither recommendations of demotion or suspension occurred, or recommendations were drastically less severe, including recommendations for discipline of Sgt. Caufield, a white male.

32. Deputy Chief Reaves refused to investigate allegations of misconduct by white officers and treated Plaintiff and other African American officers less favorably by initiating meritless investigations against them and recommending harsher discipline for African American officers.

33. The actions of the Defendant have caused the Plaintiff financial loss, emotional distress, and a contracted quality of life.

34. The Defendant has a habit and/or practice of allowing and condoning race discrimination and retaliation.

35. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional distress, emotional and physical pain, mental anguish, and lost wages as a consequence of Defendant's unlawful conduct.

**COUNT ONE**
**PLAINTIFF'S CLAIMS OF RACE DISCRIMINATION**
**IN VIOLATION OF TITLE VII**
**AGAINST DEFENDANT**

36. Plaintiff hereby adopts and re-alleges paragraphs one (1) through thirty-five (35) as if fully set forth herein.

37. Plaintiff has been discriminated against by the Defendant because of

his race in violation of Title VII of the 1964 Civil Rights Act and the 1991 amendments thereto.

38. As described herein, Plaintiff, an African American, has been unlawfully subjected to severe punishment, whereas other white police officers have not been punished for similar behavior.

39. Chief Deputy Reaves (white female) initiated the investigation into Plaintiff and other African American officers, conducted the investigation, and ultimately made the recommendations for discipline. Lieutenant R. Carson and Sergeant S. Hudson, both Caucasian, also participated in the investigation into Plaintiff.

40. Other similarly situated Caucasian employees of the police department who have allegedly committed rules violations have been treated more favorably than Plaintiff.

41. Corporal J.R. Henderson, a white male, violated the off-duty employment policy and was treated more favorably than Plaintiff. Corporal J.R. Henderson was not suspended, demoted, or restricted from working off-duty jobs.

42. Sergeant Capps and Sergeant Cochran, both white males, egregiously violated the off-duty employment policy but were also treated more favorably than Plaintiff.

43. Several other white officers assigned to the traffic division were

reported for stealing time as they were logging overtime hours that they were not working. These officers are Officer T. Bradley, Officer Q. Commander, Officer T. Jones, and Officer R. Mundy. The information regarding these officers was initially given to Deputy Chief Reaves, but she declined to investigate them. It was only after Deputy Chief Reaves was removed from her position that these allegations were investigated by the City of Montgomery. The City Investigations department interviewed these officers thereby violating the City of Montgomery's own policy regarding potential criminal investigations.

44. Further, Plaintiff has seen on numerous occasions where Caucasian officers have engaged in worse conduct and/or violated policies wherein the punishment is a demotion and suspension. In many instances, neither recommendations of demotion or suspension occurred, or they were drastically lessened, including Sgt. Caufield, a white male.

45. Deputy Chief Reaves refused to investigate allegations of misconduct by white officers and treated Plaintiff and other African American officers less favorably by initiating meritless investigations against them and recommending harsher discipline for African American officers.

46. The actions of the Defendant have caused the Plaintiff financial loss, emotional distress, and a contracted quality of life.

47. The Defendant has a habit and/or practice of allowing and condoning

discrimination based on race and retaliation.

48. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

## **GENERAL PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief after a trial by jury:

A. Grant Plaintiff a declaratory judgment that the practices complained of herein are violative of the provisions of Title VII of the Civil Rights Act of 1964 and the amendments thereto.

B. Grant Plaintiff an order enjoining Defendant and all persons acting in concert with Defendant from engaging in discriminatory employment practices;

C. Grant Plaintiff the appropriate amounts of backpay, interest, benefits, damages, pay raises with back pay, and reinstatement to the job position from which he was discriminatorily denied, or in the alternative, front pay;

D. Grant Plaintiff an award of compensatory damages, including but not limited to an award for mental anguish and emotional distress;

E. Award Plaintiff his costs and expenses, including an award of reasonable attorney's fees; and,

F. Award such other relief as may be appropriate.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL CLAIMS TRIABLE.**

                                      Respectfully Submitted,

                                      */s/ Scott T. Morro*
                                      Scott T. Morro (ASB-4954-C30M)
                                      Attorney for Plaintiff
                                      Morro Law Center, LLC
                                      P.O. Box 1644
                                      Gardendale, AL 35071
                                      Telephone: (205)631-6301
                                      Fax: (205) 285-8542
                                      morrolawcenter@bellsouth.net

**DEFENDANTS TO BE SERVED VIA PRIVATE PROCESS SERVER**